**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael McRobie, | No. CV-13-08066-PCT-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Carolyn W Colvin, | |
| Defendant. | |

Pursuant to 42 U.S.C. § 405(g), Plaintiff Michael McRobie seeks judicial review of the Commissioner's decision finding him not disabled within the meaning of the Social Security Act. Doc. 12. For the reasons that follow, the Court will affirm the Commissioner's decision.

**I.   Background.**

Plaintiff applied for disability and supplemental security insurance benefits in October 2009, alleging disability beginning August 30, 2009. Doc. 16 at 1. After a hearing on June 14, 2011, an administrative law judge ("ALJ") issued an opinion on July 1, 2011 finding Plaintiff not disabled. *Id.* at 2; A.R. 24-31. A request for review was denied by the Appeals Council and the ALJ's opinion became the Commissioner's final decision. Doc. 16 at 2.

**II.   Legal Standard.**

Defendant's decision to deny benefits will be vacated "only if it is not supported by substantial evidence or is based on legal error." *Robbins v. Soc. Sec. Admin.*, 466 F.3d

880, 882 (9th Cir. 2006). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In determining whether the decision is supported by substantial evidence, the Court must consider the record as a whole, weighing both the evidence that supports the decision and the evidence that detracts from it. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). If there is sufficient evidence to support the Commissioner's determination, the Court cannot substitute its own determination. *See Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990).

Determining whether a claimant is disabled involves a sequential five-step evaluation. The claimant must show (1) he is not currently engaged in substantial gainful employment, (2) he has a severe physical or mental impairment, and (3) the impairment meets or equals a listed impairment or (4) his residual functional capacity ("RFC") precludes him from performing his past work. If at any step the Commissioner determines that a claimant is or is not disabled, the analysis ends; otherwise it proceeds to step five. If the claimant establishes his burden through step four, the Commissioner bears the burden at step five of showing that the claimant has the RFC to perform other work that exists in substantial numbers in the national economy. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v).

**III.   Analysis.**

Plaintiff advances three arguments as to why the ALJ's decision was erroneous. First, he argues that the ALJ abused "his discretion by mischaracterizing the Vocational Expert's testimony and in positing an incomplete hypothetical as he did not include a medical limitation that is well documented in the record[.]" Doc. 15 at 4. Second, the ALJ abused "his discretion in giving less weight to [his] treating physicians and in giving greater weight to state agency consultants[.]" *Id.* Third, this case should "be reassigned to another [ALJ] because [the ALJ] showed a serious prejudice against the claimant[.]" *Id.* The Court will consider each argument in turn.

/ / /

### A. Vocational Expert's Testimony.

Plaintiff takes issue with a hypothetical posed by the ALJ to the vocational expert. *Id.* at 9. Plaintiff argues that the ALJ did not include a limitation stated by Dr. Griffith, a state agency consulting physician, that Plaintiff "would be limited in his ability to stand, walk, and sit to only 6 hours in an 8-hour workday." *Id.* at 10. Plaintiff cites *DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991), for the proposition that if a hypothetical does not reflect all of a claimant's limitations, "the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy." Doc. 15 at 10. The ALJ's hypothetical, however, instructed the vocational expert to assume "a person of the claimant's age, education, work experience whose (sic) able to perform at the light exertional level[.]" A.R. 66. Agency regulations provide that "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8 hour workday." SSR 83-10, 1983 WL 31251, at *6. The 6 hour limitation on standing, sitting, or walking, then, was implicit in the ALJ's hypothetical. It does not appear that the ALJ's hypothetical excluded any of Plaintiff's limitations and the Court accordingly cannot conclude that the ALJ committed legal error.

### B. Physician Opinions.

#### 1. Treating Sources.

Plaintiff raises concerns about the ALJ's assessment of opinions from Dr. Williams, Plaintiff's orthopedic surgeon, and Nathan Welly, P.A. Doc. 15 at 11-12. In weighing medical source opinions in Social Security cases, the Ninth Circuit distinguishes among three types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians, who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Generally, more weight should be given to the opinion of a treating physician than to the opinion of a non-treating physician. *Id.* A treating physician's opinion is afforded great weight because such physicians are

"employed to cure and [have] a greater opportunity to observe and know the patient as an individual." *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987). The controverted opinion of a treating or examining physician "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1040-41 (9th Cir. 1995)). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988) (citing *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)).

Physicians' assistants are not an "acceptable medical source" for documenting a medical impairment under 20 C.F.R. § 404.1513(a). Rather, they are considered "other sources" that the Commissioner may use to show the severity of a claimant's impairments and how these impairments may affect his or her ability to work. 20 C.F.R. § 404.1513(d). "The ALJ may discount testimony from these 'other sources' if the ALJ gives reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (internal quotation marks and citations omitted).

As to Dr. Williams, Plaintiff appears to take issue with the fact that the ALJ did not afford his opinion full weight. It is not clear to the Court, however, that the ALJ rejected or improperly considered Dr. Williams' opinion. Rather, the ALJ noted that Dr. Williams' opinion "was not given greater weight because it addresses an issue reserved to the undersigned (SSR 96-5p), and because it fails to address whether the claimant can do any work other than his past strenuous work as a mason." A.R. 29. There is no indication that Dr. Williams' medical findings were not considered and accepted by the ALJ. Plaintiff does not identify any portions of Dr. Williams' opinion that the ALJ erroneously rejected. The Court therefore does not find legal error as to the ALJ's consideration of Dr. Williams' opinion.

With respect to the opinion of P.A. Welly, he is not considered an acceptable medical source. *Molina*, 674 F.3d at 1111. The ALJ noted that P.A. Welly's opinion

"was given less weight . . . based on [its] inconsistency with the greater objective record," because "the greater objective record fails to support a finding that the claimant has a severe lumbar spine impairment," and because the opinion "said the claimant cannot sit more than 2 hours [per] day, yet claimant testified that he sits all day long." A.R. 29. The ALJ provided "germane" reasons for not giving full weight to P.A. Welly's opinion, and the Court accordingly finds no legal error in the ALJ's consideration of this opinion.[1]

### 2. State Agency Physicians.

Plaintiff also takes issue with the weight afforded to the opinions of Drs. Griffith and Fina, the state agency consulting physicians. Doc. 15 at 13-15. "The opinions of non-treating or non-examining physicians may . . . serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas*, 278 F.3d at 957. Plaintiff argues that Dr. Griffith's opinion is "actually more restrictive than [the ALJ] stated in his hypothetical at the actual hearing[.]" Doc. 15 at 14. The Court concluded above, however, that the alleged additional restrictions were implied in the ALJ's hypothetical. The Court finds no legal error with the ALJ's consideration of Dr. Griffith's opinion.

Plaintiff argues that Dr. Fina's opinion is "devoid of any specific reference to either subjective or objective evidence found in the medical record and should be given no more weight." Doc. 15 at 14. He further argues that it "appears Dr. Fina merely rubber-stamped the prior decision with no rationale or analysis." *Id.* Plaintiff does not provide any authority for the proposition that it is improper for a state-agency consulting physician to adopt the opinion of another state-agency consulting physician, or that it would be improper for the ALJ to give weight to such an opinion. The ALJ found that the opinions of Drs. Griffith and Fina were "not inconsistent with the greater objective record," and gave them "greater weight." A.R. 29. The Court finds no legal error in the

---

[1] Plaintiff argues that P.A. Welly's opinion was based on objective findings "that were counter-signed by Dr. Charles Welly, a board certified medical doctor specialized in Osteopathy who is the supervising physician in the claimant's treating clinic." Doc. 15 at 13. The opinion considered by the ALJ in his order, however, was signed only by P.A. Welly. A.R. 510.

consideration of these opinions.

### C. Prejudice or Bias by the ALJ.

Plaintiff requests that this case be assigned to a different ALJ on remand because, he argues, the ALJ in this case "pre-judged [Plaintiff]'s claim from the moment the hearing began." Doc. 15 at 16. Because the Court will affirm the Commissioner's decision, it need not address this request. Plaintiff also states that "[a] simple reading of the transcripts reveals a lack of consideration on [the ALJ]'s part for this claim that borders on a denial of due process." *Id.* To succeed in a claim that his due process rights were violated, Plaintiff "must show that the ALJ's behavior, in the context of the whole case, was so extreme as to display clear inability to render fair judgment." *Bayliss v. Barnhart*, 427 F.2d 1211, 1214-15 (9th Cir. 2005) (internal quotation marks and citations omitted). An ALJ is presumed to be unbiased and a plaintiff can "rebut this presumption by showing a conflict of interest or some other specific reason for disqualification." *Id.* (internal quotation marks and citations omitted). Plaintiff has not demonstrated a conflict of interest or identified a specific reason for disqualification. Plaintiff's allegations of bias, without more, are insufficient to show that Plaintiff was not afforded due process.

**IT IS ORDERED** that the Commissioner's final decision is **affirmed**. The Clerk shall **enter judgment** accordingly and **terminate** this case.

Dated this 31st day of March, 2014.

_____
David G. Campbell
United States District Judge